# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| MARK CUYLER AND TERESA A. MITCHELL, | ) ) ) |
| PLAINTIFFS, | ) ) ) |
| v. | ) CIVIL ACTION NO. ) 6:11-cv-00087-MEF ) |
| JUDGE MARY S. SCRIVEN AND STATE OF FLORIDA, | ) ) ) |
| DEFENDANTS. | ) |

FILED 2011 MAR -9 PM 3:08
U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

## MEMORANDUM OPINION AND ORDER

On January 21, 2011, Mark Cuyler and Teresa A. Mitchell (collectively "Plaintiffs"), brought this suit against Judge Mary S. Scriven ("Judge Scriven"), a United States District Court Judge for the United States District Court for the Middle District of Florida, and the State of Florida. For the reasons set forth in this Memorandum Opinion and Order, the Court finds that the case is due to be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B).

### SUMMARY OF ALLEGATIONS

Plaintiffs, who appear without counsel, allege a conspiracy to commit fraud and civil rights violations including violations of their rights under the Seventh and Fourteenth Amendments to the United States Constitution. In the Complaint, Plaintiffs assert claims pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985, and 18 U.S.C. § 242. Specifically, Plaintiffs contend that Judge Scriven deprived them of their right to a trial by jury in a civil case

because she dismissed their prior case against Aurora Loan Services without cause. Furthermore, Plaintiffs contend that Judge Scriven violated their rights to Due Process of Law by: (1) failing to disclose her financial interest as required by law; (2) admitting that plaintiff can refile the fraud claim; (3) answering her own Motion to Disqualify; and (4) ignoring U.S. Supreme Court decisions, the Code of Judicial Conduct, and Constitutional law. Finally, Plaintiffs allege that Judge Scriven committed a criminal act, which is treason under the Constitution. For their injury, Plaintiffs demand a trial by jury and $10,000,000 in compensatory damages plus unspecified punitive damages. Half of the $10,000,000 is to be paid by Judge Scriven and half is to be paid by the State of Florida.[1] Plaintiffs also seek "criminal charges" presumably against Judge Scriven.

## DISCUSSION

### A. Applicable Legal Standard

Upon review of the Complaint filed in this case, the Court again concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B). The statute provides, in pertinent part:

> [T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal– (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant

---

[1] Although it is clear that Plaintiffs intend to seek a remedy from the State of Florida, it is not at all clear what the factual basis for the claims against the State of Florida actually is. All of the factual allegations are directed to acts of Judge Scriven, a United States District Court Judge. Judge Scriven does not act for the State of Florida. She is a member of the federal judiciary.

who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). Thus, Section 1915

> allows the district court to dismiss the complaint prior to service of process if it determines the complaint to be frivolous or malicious and spare the defendant the inconvenience and expense of answering a frivolous complaint.

*Woodall v. Foti*, 648 F.2d 268, 271 (5th Cir. June 16, 1981).[2] *See also, Procup v. Strickland*, 760 F.2d 1107, 1114 (11th Cir. 1985). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

## B. Claims Against Judge Scriven

Because Plaintiffs sue Judge Scriven for actions she took while acting in her judicial capacity, namely dismissing claims and denying a motion in a case she handled as a federal judge, Judge Scriven is entitled to absolute judicial immunity. "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (citations omitted). *Accord, Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Dennis v. Sparks*, 449 U.S. 24, 27-29 (1980); *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991). "This immunity applies even when the judge's acts are in

---

[2] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. Nov. 3, 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

error, malicious, or were in excess of his or her jurisdiction." *Id.* Whether a judge's actions were made while acting in his or her judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his or her judicial capacity. *See, e.g., Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005); *Scott v. Hayes*, 719 F.2d 1562, 1565 (11th Cir. 1983).

Plaintiffs' allegations against Judge Scriven all clearly implicate acts taken in her judicial capacity for which she is entitled to absolute judicial immunity. Without commenting on the merits or lack thereof of any of the lawsuits Plaintiffs have filed, the Court notes that if they believe that Judge Scriven has been in error in rulings or official court actions such as dismissing claims or denying motions, the path for challenging such rulings is an appeal to an appellate court. The law does not subject a judge to suit by unsuccessful litigants. Thus, Plaintiffs' dispute with Judge Scriven's rulings in another case does not state a cognizable federal claim. Their sole remedy for their dissatisfaction with rulings of the Judge Scriven was to seek further relief in that case by timely and properly pursuing an appeal of the rulings to the appropriate appellate court. Because it is clear that Plaintiffs cannot cure this defect in this suit, their claims against Judge Scriven must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as those claims are based on an indisputably meritless legal theory. *See Neitzke*, 490 U.S. at 327.

## C. Claims Against State of Florida

The claims against the State of Florida are also based on a meritless legal theory. The Eleventh Amendment[3] grants immunity to the states in federal court. *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *Hans v. Louisiana*, 134 U.S. 1 (1890). Thus, absent waiver of that immunity by the State of Florida or a specific congressional abrogation of that immunity, a suit may not be brought against a state for money damages. Here, the State of Florida has not waived its immunity. Additionally, the statutes pursuant to which Plaintiffs bring suit does not abrogate a state's Eleventh Amendment immunity. Indeed, the Supreme Court has specifically held that states are immune from money damages in suits brought pursuant to 42 U.S.C. § 1983. *See, e.g., Quern v. Jordan*, 440 U.S. 332 (1979); *Zatler v. Wainwright*, 802 F.2d 397, 400 (11th Cir. 1986) ("It is clear that Congress did not intend to abrogate a state's eleventh amendment immunity in section 1983 damage suits."). Similarly, 42 U.S.C. § 1985 does not contain any express congressional abrogation of a state's Eleventh Amendment immunity. *See Fincher v. State of Fla. Dep't of Labor & Emp't Sec.-Unemployment Appeals Comm'n*, 798 F.2d 1371, 1372 (11th Cir. 1986).

Additionally, the State of Florida may not be made a defendant in an action brought

---

[3] The Eleventh Amendment to the United States Constitution specifically states that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state."

pursuant to §§ 1983 or 1985 because it is not a "person" within the meaning of those statutes. As previously stated, Plaintiffs' claims in this action for alleged violations of certain constitutional rights are brought, as they should be, pursuant to 42 U.S.C. § 1983 and § 1985.[4] The United States Supreme Court has held that a State is not a "person" within the meaning of § 1983 and consequently, cannot be sued using that statute. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Indeed, while § 1983 provides a "federal forum to remedy many deprivations of civil liberties, [] it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Id.* at 66. The logic and holding of *Will*, which was brought pursuant to § 1983, has been extended to suit brought pursuant to § 1985. *See, e.g., Ross v. Illinois*, 48 Fed. App'x 200 (7th Cir. 2002); *Andela v. Univ. of Miami*, 692 F. Supp. 2d 1356, 1379 (S.D. Fla. 2010) (state not a proper defendant under § 1985). For this additional reason, Plaintiffs' claims against the State of Florida are frivolous because as a matter of law the statutes Plaintiffs invoke cannot be used to bring claims against a State.

---

[4] Plaintiffs claims are brought against Defendants pursuant to 42 U.S.C. §§ 1983 & 1985. Section 1983 provides a remedy when a "person" acting under color of state law deprives a plaintiff of a right, privilege, or immunity secured by the Constitution, laws, or treaties of the United States. *See, e.g.,* 42 U.S.C. § 1983; *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) ("§ 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred") (internal quotes omitted); *Cummings v. DeKalb County*, 24 F.3d 1349, 1355 (11th Cir. 1994). Section 1985(3) establishes liability against "persons" who conspire to deprive others of equal protection. It is not entirely clear to the Court how or if Plaintiffs' allegations state a claim for a deprivation of equal protection.

### D. Claims Pursuant to 18 U.S.C. § 242

The remaining claims in the Complaint are brought pursuant to 18 U.S.C. § 242. This criminal statute does not give rise to a private cause of action. *See, e.g., Crosby v. Catret*, 308 Fed. App'x 453, 453 (D.C. Cir. 2009) ("The district court properly rejected appellant's attempt to invoke 18 U.S.C. § 241 and 18 U.S.C. § 242 to initiate a prosecution against the named defendants because there is no private right of action under these criminal statutes."); *Fundiller v. City of Cooper City*, 777 F.2d 1436, 1439 (11th Cir. 1985) (approving district court's dismissal of plaintiff's attorneys to bring civil claims pursuant to 18 U.S.C. § 242); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (affirming dismissal of claims in civil action under 18 U.S.C. § 242 because private plaintiff had no authority to initiate a federal criminal prosecution and because the statute does not give rise to a civil action for damages); *Cohen v. Carmel*, No. 10-22244-Civ, 2010 WL 2991558 at *1 (S.D. Fla. July 27, 2010) (dismissing plaintiff's claims arising out of 18 U.S.C. § 242 because the statute does not create a private cause of action). Because it is clear that Plaintiffs cannot cure this defect in their suit, their claims for alleged violations of 18 U.S.C. § 242 against Judge Scriven and the State of Florida must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as those claims are based on an indisputably meritless legal theories, namely that Plaintiffs can seek damages for violation of that criminal statute or seek the imposition of criminal charges in a civil lawsuit. *See Neitzke*, 490 U.S. at 327.

### E. Appropriateness of *Sue Sponte* Dismissal Prior to Service

While Plaintiffs are likely to be dissatisfied with the fact that this case is being dismissed *sua sponte* prior to service, this practice is wholly consistent with federal law. As the Eleventh Circuit Court of Appeals recently explained, it is the recognized law of this circuit

> that district courts have the inherent power to *sua sponte* dismiss frivolous suits without giving notice to the parties. *See Jefferson v. Fourteenth Assocs.*, 695 F.2d at 526. Under § 1915A, a complaint is frivolous if it is "without arguable merit either in law or fact." *Bilal*, 251 F.3d at 1349. In discussing what is frivolous in the context of 28 U.S.C. § 1915(e)(2)(B)(i), [the Eleventh Circuit] also ha[s] held that "[a] district court may conclude a case has little or no chance of success and dismiss the complaint before service of process when it determines from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 292 (11th Cir. 1993).

*Davis v. Kvalheim*, 261 Fed. App'x 231, 234-35 (11th Cir. 2008). A district court is not required to allow a clearly baseless action to proceed to allow a litigant to employ "the legal system as a tool to intimidate and heckle those he imagines have done him wrong." *Id.*

## CONCLUSION

As set out above, the Court finds that all of Plaintiffs' claims in this action: (1) are frivolous or malicious;[5] (2) fail to state any claim on which relief may be granted; or (3) seek

---

[5] The Court finds that Plaintiffs' claims in this action are frivolous. The Court also suspects that the manifest purpose of Plaintiffs' compliant is not to rectify any cognizable harm, but only to harass Judge Scrivens because they disagree with the prior actions of Judge Scriven. It is worth noting that in similar circumstances some courts have also characterized such claims as malicious. *See, e.g., Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2nd Cir. 1999) (interpreting as mandatory identical language in provision of § 1915 addressing suits by inmates in a factually similar context and finding the plaintiff's claims warranted dismissal as "malicious.")

monetary relief against defendants who are immune from such relief. Section 1915(e) not only allows, *but expressly requires*, district courts to dismiss such invectives. That federal statute provides that a district court "shall" dismiss a complaint at any time if the court determines that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). Thus, the Court must and will dismiss Plaintiffs' claims as set forth in the Complaint in this case.

For the foregoing reasons, it is hereby ORDERED as follows:

1. Plaintiffs' Complaint for Conspiracy to Commit Fraud and Civil Rights Violations (Doc. # 1) is hereby DISMISSED prior to service on Defendants prior to service pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) - (iii).

2. An appropriate judgment will be entered consistent with this Memorandum Opinion and Order.

3. Plaintiffs are cautioned that the Federal Rules of Civil Procedure, including Rule 11, apply to them with full force and effect despite their *pro se* status. Rule 11 prohibits filing complaints for any improper purpose, such as to harass a defendant. Rule 11 clearly authorizes sanctions for violations of its provisions in whatever form is necessary to deter repetition of the conduct.

DONE this the 9th day of March, 2011.

/s/ Mark E. Fuller
UNITED STATES DISTRICT JUDGE
